# EXHIBIT B

Skip to Main Content Logout My Account Search Menu New Civil Search Refine Search Back Location : All Courts Help

# Register of Actions
## Case No. 141583-CV

**Willow Drive Baptist Church of Lake Jackson Inc vs. State Farm Lloyds** § § § § §

Case Type: **Contract - Consumer/Commercial/Debt**
Date Filed: **07/08/2026**
Location: **239th District Court**

### Party Information

| | | Attorneys |
|---|---|---|
| **Defendant** | **State Farm Lloyds** | **M. Micah Kessler**<br>*Retained*<br>713-781-2889(W) |
| **Plaintiff** | **Willow Drive Baptist Church of Lake Jackson Inc** | **Monique Hudson**<br>*Retained*<br>832-323-3000(W) |

### Events & Orders of the Court

| | OTHER EVENTS AND HEARINGS | | |
|---|---|---|---|
| 07/08/2026 | **Original Petition (1-10 Plaintiffs) (OCA)**<br>*Plaintiff Original Petition* | | |
| 09/01/2026 | **Process Request Form** | | |
| 09/03/2026 | **Citation**<br>State Farm Lloyds | Served | 09/19/2026 |
| 09/25/2026 | **Service Returned - Served**<br>*#352485 - Served 09/19/2026* | | |
| 09/25/2026 | **Service Returned - Served**<br>*#352485 - Served 09/19/2026* | | |
| 10/12/2026 | **Answer**<br>*Defendant State Farm Lloyd's General Denial* | | |
| 10/12/2026 | **Jury Fee Paid** | | |

Filed for Record
7/8/2026 11:42 AM
Cassandra C. Tigner, District Clerk
Brazoria County, Texas
141583-CV
Carly Whistler, Deputy

**CAUSE NO. 141583-CV**

| | | |
|---|---|---|
| **WILLOW DRIVE BAPTIST CHURCH OF LAKE JACKSON INC,** | § | **IN THE DISTRICT COURT OF** |
| **Plaintiff,** | § | |
| | § | **BRAZORIA COUNTY, TEXAS** |
| **v.** | § | |
| **STATE FARM LLOYDS,** | § | |
| | § | **______ JUDICIAL DISTRICT** |
| **Defendant.** | § | |

**PLAINTIFF ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, Willow Drive Baptist Church Of Lake Jackson Inc, and files this Original Petition against Defendant, State Farm Lloyds, as well as requests for disclosure. In support of their causes of action, Plaintiff would respectfully show the Court the following:

## I.
## THE PARTIES

1. Willow Drive Baptist Church Of Lake Jackson Inc is an individual who owns property situated in 200 Willow Drive, Lake Jackson, TX 77566-4749.

2. State Farm Lloyds is a domestic insurance company duly organized, incorporated, and existing under the laws in the state of Texas. Its principal office is in Richardson, Texas. Its registered agent for service of process in the state of Texas is CORPORATION SERVICE COMPANY, 211 East 7th Street Suite 620, Austin Texas 78701. Plaintiff requests the issuance of Citation upon filing of this Petition.

Copy from re:SearchTX

## II.
## DISCOVERY CONTROL PLAN

3. This case is intended to be governed by Discovery Level 2 of Rule 190.3 in the Texas Rules of Civil Procedure.

## III.
## CLAIM FOR RELIEF

4. The damages sought are within the jurisdictional limits of this court. Plaintiff seeks only monetary relief of $250,000.00 or less, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs. Tex. R. Civ. P. 47.

## IV.
## JURISDICTION AND VENUE

5. This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limit of this Court.

6. Venue is proper in Brazoria because all or a substantial part of the events or omissions giving rise to the claim occurred in Brazoria. (TEX. CIV. PRAC. & REM. CODE § 15.002(A)(1).

7. Defendant engages in the business of insurance in the State of Texas. The conduct of Defendant in the State of Texas includes:

(a) The making and issuing of contracts of insurance with the Plaintiff;

(b) The taking and receiving the application of insurance for insurance from the Plaintiff;

(c) The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Plaintiff; and

(d) The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the Plaintiff.



Copy from re:SearchTX

## V.
## JUDICIAL NOTICE

8. Plaintiff requests this Court to take judicial notice of Title 28 of the Texas Administrative Code, specifically 28 T.A.C. §21.201 et seq. relating to "Unfair Claims Settlement Practices Rules" including 28 T.A.C. §21.205. *See Tex. R. Evid. 204(b)(c).*

9. Plaintiff requests this Court take judicial notice of 28 T.A.C. §5.997(a), (d)-(e), which incorporates the Texas Department of Insurance's "Consumer Bill of Rights" for homeowners, dwelling, and renter's insurance. *See Tex. R. Evid. 204(b)(2)*.

## VI.
## FACTUAL BACKGROUND

10. On or about July 08, 2024, Plaintiff's property located at 200 Willow Drive, Lake Jackson, TX 77566-4749 suffered significant damage due to Hurricane Beryl.

11. Plaintiff had a valid insurance policy, policy number 90-70-6435-5, with Defendant covering the property for such damage.

12. Plaintiff promptly filed a claim with Defendant, claim number 53-P432-5P1, seeking coverage for Hurricane Beryl.

13. The Policy was in full force and effect on or about July 8, 2024, when a severe hail and windstorm struck Lake Jackson, Brazoria County ("the Property"), causing widespread damage to homes and businesses in the area.

14. As a result, Plaintiff's Property sustained significant water and wind damages.

15. Plaintiff timely notified Defendant of the loss and satisfied all conditions precedent to coverage.

16. Defendant, through its assigned adjuster(s), conducted an inspection of the Property. Defendant made numerous errors in estimating the value of Plaintiff's claim, as exhibited



Copy from re:SearchTX

by its assigned adjuster's method of investigation and estimation of Plaintiff's loss, all of which were designed to intentionally minimize and underpay the loss incurred by Plaintiff. Defendant's assigned adjusters failed to fully quantify Plaintiff's covered losses, thus demonstrating that Defendant's assigned adjusters did not conduct a thorough investigation of Plaintiff's claim and/or intentionally adjusted Plaintiff's claim improperly.

17. Specifically, Defendant, independently and through its assigned adjusters, intentionally and knowingly conducted a substandard investigation of the Property. This is evidenced by Defendant's estimates, which still—to date—fail to include all necessary items Plaintiff is entitled to under the Policy to restore the Property to its pre-loss condition. Defendant failed to quantify the covered damages to Plaintiff's Property.

18. Subsequently, Defendant unreasonably relied upon its adjuster(s) and investigation to wrongfully underpay Plaintiff's claim and refused to issue the full and fair payment owed under the Policy for the covered loss. During the course of the claim investigation, the parties proceeded to appraisal, and a neutral umpire issued an Appraisal Award in the amount of $306,637.85. Following the appraisal, Defendant issued payment based upon the Appraisal Award after applying the Policy deductible, prior payments, and depreciation. However, despite the appraisal process, Defendant has continued to wrongfully deny coverage for the windows that sustained direct physical damage as a result of Hurricane Beryl. As a result, the Appraisal Award failed to fully compensate Plaintiff for all covered damages, and Defendant has continued to breach its obligations under the Policy by refusing to pay the full amount owed for the covered loss.

19. Defendant wrongfully underpaid Plaintiff's claim and refused to issue a full and fair payment for the covered loss as was rightfully owed under the policy.

20. Defendant's estimate(s) did not allow for adequate funds to cover the cost of repairs



Copy from re:SearchTX

and therefore grossly undervalued all damage sustained to the Property. As a result of Defendant's conduct, Plaintiff's claim was intentionally and knowingly underpaid.

21. As a result of Defendant's improper investigation, Plaintiffs were forced to engage the professional services of several industry professionals and estimate writers to accurately identify and quantify their losses.

22. Plaintiff retained Grace Forensic Loss Consultants, Inc. ("Grace Forensic"), a general contractor, to inspect the Property and evaluate the damage resulting from the loss. Following its inspection, Grace Forensic prepared a repair estimate totaling $106,712.35. The estimate concluded that the Property's windows required complete replacement due to the extent of the damage. In addition, Grace Forensic identified and recommended numerous necessary repairs, including, but not limited to, replacement and repair of stone masonry and sill flashing, glass tinting and shading, and drywall repairs surrounding the windows.

23. In an effort to minimize its contractual obligations, Defendant retained engineer Jeffrey W. Pitzer ("Mr. Pitzer"), P.E., of Engineering Design and Testing Corp., who conducted an inspection of the Property and issued a report dated May 18, 2026. Mr. Pitzer acknowledged that the July 8, 2024, Hurricane Beryl wind event caused damage to the west-facing window, including damage to the window mullion framing that created openings allowing water intrusion, as well as the resulting interior water damage beneath that window. Despite these findings, Mr. Pitzer concluded, without adequate factual or scientific support, that no other windows, exterior wall components, or roof coverings sustained storm-related damage and further opined that water staining on the east side of the building was unrelated to the hurricane.

24. Mr. Pitzer's opinions are incomplete, internally inconsistent, and fail to account for the full scope of wind-driven damage caused by Hurricane Beryl. His report improperly limits the



Copy from re:SearchTX

covered loss by isolating damage to a single window while disregarding evidence of additional storm-related damage documented during the claim investigation, including damage identified by Plaintiff's retained experts. Moreover, his conclusion that the east-side water intrusion was attributable to roof drainpipe leaks is unsupported by sufficient investigation to eliminate storm-related causes and reflects an outcome-oriented analysis designed to reduce or deny covered benefits. Defendant improperly relied upon these unsupported conclusions to deny portions of Plaintiff's claim and to avoid paying the full amount owed under the Policy

25. Due to Defendant's intentional refusal to provide adequate coverage related to the damages caused by the Storm, Plaintiff was compelled to retain undersigned counsel to pursue the benefits owed to them under the Policy. Only after counsel's involvement did Defendant agree to reconsider the claim, highlighting the unreasonableness of its initial claim handling and investigation.

26. Defendant's assigned adjuster(s) acted as an authorized agent of Defendant. Defendant's assigned adjuster(s) acted within the course and scope of their authority as authorized by Defendant. Plaintiff relied on Defendant and Defendant's assigned adjuster(s) to properly adjust the claim regarding the covered damage to the Property and to issue payment to fix such damage, which did not happen and has not been rectified to date.

27. Defendant failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendant refused to pay the full proceeds owed under the Policy. Due demand was made by Plaintiff for proceeds in an amount sufficient to cover the damaged property.

28. Defendant failed to perform a proper inspection of the property and wrongfully under-scoped the damage, specifically by not providing coverage for the extensive damages to the



Copy from re:SearchTX

windows suffered during the storm.

29. Defendant and/or Defendant's assigned agent(s) sold the Policy to Plaintiff, making various statements and representations to Plaintiff that the Property would be covered. Relying on the promises and representations made by Defendant and/or Defendant's assigned agent(s), Plaintiff filed a claim under the Policy with the belief that the Property would be covered after Hurricane Beryl such as the one that damaged the Property.

30. To date, Defendant continues to refuse to cover damages to the windows, despite an Appraisal award in September 2025 that showed Defendant vastly under covered the damages they did provide limited coverage for.

31. Prior to the storm, the severe storm damage described above was not present.

32. All conditions precedent to recovery under the Policy had, and have, been carried out and accomplished by Plaintiff.

33. As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of undersigned counsel, which represents Plaintiff with respect to these causes of action.

## VII.
## CAUSES OF ACTION

34. Each of the foregoing paragraphs is incorporated by reference in the following:

### A. Breach of Contract

35. A breach of contract occurs when a party fails to perform an act it has explicitly or impliedly promised to perform. *Gaspar v. Lawnpro, Inc.*, 372 S.W.3d 754, 757 (Tex. App.--Dallas 2012, no pet.). To Prevail on a valid breach of contract claim, a plaintiff must prove that 1) there was a valid contract; 2) that plaintiff has performed their obligations under the contract or tendered performance; 3) that the defendant has breached the contract in some manner; and 4) plaintiff has



Copy from re:SearchTX

sustained damages as a result of defendant's breach. *Id*.

36. Plaintiff is the beneficiary of the insurance contract issued by Defendant. Specifically, at the time that the storm damaged the property, Plaintiff had a Policy of insurance in place issued by Defendant. There is no dispute that a valid contract between the Plaintiff and Defendant was in place at the time of the date of loss.

37. All conditions precedent to recovery have been met by Plaintiff, therefore Plaintiff has fulfilled their obligations under the Policy prior to and following the date of loss.

38. On the other hand, Defendant has failed to fulfill its duties owed to Plaintiff under the Policy of insurance that it issued to Plaintiff. Specifically, Defendant has failed to conduct a reasonable investigation and timely pay the Plaintiff the full benefits afforded to the Plaintiff after a covered loss.

39. Defendant's failure to uphold its duties owed to Plaintiff under the Policy of insurance constitutes a breach of contract resulting in damages to the Plaintiff, including consequential damages.

**B. Defendant's Conduct Violated the Texas Prompt Payment of Claims Statute**

40. Defendant's failure to pay the claim and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Section 542.051 *et seq*. and 542A.001 et seq. of the Texas Insurance Code.

41. Specifically, Defendant failed to do the following within the statutorily mandated time period of receiving all necessary claim information from the Plaintiff and/or its representative;

(1) Failing to timely acknowledge the Plaintiff's claim;

(2) Failing to commence an investigation of Plaintiff's claim;

(3) Failing to request all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated deadlines;



Copy from re:SearchTX

(4) Failing to give proper notice of the acceptance or rejection of part or all of Plaintiff's claim;

(5) Failing to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all information;

(6) Failing to pay Plaintiff's claim or portions of the claim without delay; and

(7) Failing to include the requisite penalty interest on any and all payments made beyond the statutorily designated time to make payment in full for Plaintiff's claim.

42. Defendant violated the TEXAS INSURANCE CODE Ch. 542 by:

(1) Knowingly misrepresented to the Plaintiff pertinent facts or policy revisions relating to coverage;

(2) Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the policy;

(3) Not attempting in good faith to affect a prompt, fair, and equitable settlement of the claim when liability became reasonably clear; and

(4) Compelling Plaintiff to institute a suit to recover an amount due under the policy by offering substantially less than the amount ultimately recovered in the suit brought by Plaintiff.

43. Therefore, Plaintiff, in addition to their claim for damages, is entitled to statutory interest as set forth in Section 542.060 of the Texas Insurance Code, together with attorneys' fees. Tex. Ins. Code §542.060; Tex. Fin. Code §304.003; and Tex. Ins. Code 542A.007.

**C. Defendant's Claim(s) Handling Conduct Violated Texas Insurance Code Chapter 541.**

44. Defendant is required to comply with Chapter 541 of the Texas Insurance Code. Defendant violated the TEX. INS. CODE. Ch. 541 because it engages in unfair and/or deceptive acts or practices in the business of insurance. The acts and omissions of Defendant in the issuance of Plaintiff's Policy and its claim(s) handling include violations of the following:

(a) TEX. INS. CODE §541.051;



Copy from re:SearchTX

(b) TEX. INS. CODE §541.052;

(c) TEX. INS. CODE §541.059;

(d) Engaging in unfair settlement practices by:

(i) Misrepresenting to Plaintiff a material fact or Policy provision relating to coverage(s) at issue (TEX. INS. CODE §541.060(a)(1);

(ii) Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim when the insurer's liability has become reasonably clear (TEX. INS. CODE § 541.060(a)(2)(A));

(iii) Failing to promptly provide a reasonable explanation for the denial of a claim (TEX. INS. CODE § 541.060(a)(3));

(iv) Refusing to pay a claim without conducting a reasonable investigation (TEX. INS. CODE § 541.060(a)(7));

(e) Defendant also misrepresented Plaintiff's insurance policy by:

(i) Making an unfair statement of material fact (TEX. INS. CODE § 541.061(1);

(ii) Failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made (TEX. INS. CODE § 541.061(2);

(iii) Making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact (TEX. INS. CODE § 541.061(3);

(f) Defendant's conduct violates the Texas Deceptive Trade Practices Act, to the extent it is incorporated by Section 541.151 of the Texas Insurance Code.

**D. Defendant's Conduct Constitutes Violation(s) of the Deceptive Trade Practices Act.**

45. Plaintiff is a "consumer" as defined by TEX. BUS. & COMM. CODE §17.45(4). Plaintiff sought or acquired goods or services by purchasing those goods or services from the Defendant, which in this case is the insurance Policy. The Defendant violated the Texas Deceptive Trade Practices Act ("DTPA") (TEX. BUS. & COMM. CODE §17.44 et seq.) because it engaged in false, misleading and/or deceptive acts or practices that Plaintiff relied on to their detriment.

46. Defendant's conduct is the producing cause of economic damages or damages for



Copy from re:SearchTX

mental anguish thus constitutes multiple violations of the TEXAS DECEPTIVE TRADE PRACTICES ACT ("DTPA"), including, but not limited to:

(a) The use or employment by any person of a false, misleading, or deceptive act or practice that is (A) specifically enumerated in subsection (b) of Section 17.46 of the DTPA; and is (B) relied on by the consumer to the consumer's detriment (TEX. BUS. & COM. CODE § 17.50(a)(1)(A)(B));

(b) Engaging in an unconscionable action or course of action (TEX. BUS. & COM. CODE § 17.50(a)(3));

(c) Or the use or employment by any person of an act or practice in violation of Chapter 541 of the Texas Insurance Code (TEX. BUS. & COM. CODE § 17.50(a)(4).

47. Defendant's conduct was committed knowingly and/or intentionally because, at the time of the acts and practices complained of Defendant has actual awareness of the falsity, deception, or unfairness of the act in detrimental reliance on the falsity or deception and/or in detrimental ignorance of the unfairness.

48. Plaintiff gave Defendant notice as required by DTPA §17.505(a). Plaintiff believes that Defendant was given adequate notice as Plaintiff gave notice on .



Copy from re:SearchTX

## VIII.
## AMBIGUITIES

49. The Policy in place at the time of the date of loss, contained patent and latent ambiguities concerning the terms of the policy governing the insured's duties after loss, coverages, replacement cost value vs actual cost value, and calculation of damages.

## IX.
## WAIVER AND ESTOPPEL

50. Defendant has waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## X.
## ATTORNEYS' FEES

51. The above paragraphs are incorporated herein by reference as if set forth in full.

52. As a result of Defendant's actions as stated and shown herein, Plaintiff has retained Storm Law Partners, PLLC, to assert the claims set forth in this Original Petition and any amendments thereto. Plaintiff has incurred, and will continue to incur, reasonable and necessary attorneys' fees, expenses, and costs of court in pursuing these and potentially other claims.

53. Plaintiff hereby seeks recovery of such attorneys' fees, expenses, and costs of court through trial, and appeal, if necessary, from Defendant pursuant to TEX. CIV. PRAC. & REM. CODE § 38.001, TEX. R. CIV. P. 131 & 141, DTPA §17.50(d), TEX. INS. CODES §541.152 and §542.060 and/or any other applicable statute or common law.

54. Attorneys' fees should be awarded for any and all services rendered up to and including trial, and any and all post-trial motions and appeals.



Copy from re:SearchTX

## XI.
## CONDITIONS PRECEDENT

55. Plaintiff sent Defendant a notice letter pursuant to TEX. INS. CODE § 541.154 on April 20, 2026. Defendant haven't responded. Plaintiff filed suit when it became clear that the matter would not be resolved without litigation.

56. All conditions precedent have been performed, occurred, or waived, entitling Plaintiff to recover the damages alleged herein.

## XII.
## JURY DEMAND

57. Plaintiff demands a jury trial pursuant to TEX. R. CIV. P. § 216.

## XIII.
## DAMAGES

58. Plaintiff seeks damages for the injuries caused by Defendant. Plaintiff asserts that each of the foregoing actions, whether viewed individually or collectively, constitutes the producing cause of the damage suffered by Plaintiff.

59. As outlined previously above, Defendant has failed to fully indemnify Plaintiff for losses resulting from Hurricane Beryl. Only portions of the damages have been afforded coverage, with extensive damages still uncovered. This ongoing failure to properly resolve the claim has imposed additional financial burdens on Plaintiff, who have been forced to absorb costs that rightfully fall under Defendant's obligations pursuant to the insurance policy. This mishandling has caused unnecessary hardship and is a direct result of Defendant's violations of the statutes referenced herein.

60. Regarding Defendant's breach of contract, Plaintiff seeks to recover the full benefit of the contractual agreement, including all losses sustained and expenses incurred, along with reasonable attorney's fees.



Copy from re:SearchTX

61. Regarding Defendant's noncompliance with Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which encompass the policy benefits wrongfully withheld for coverages applicable to this claim, mental anguish, court costs, and attorney's fees. Furthermore, because Defendant's conduct was knowing and intentional, Plaintiff seeks treble damages as permitted by TEX. INS. CODE § 541.152.

62. Regarding Defendant's noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to recovery of the claim amount in addition to statutory interest at a rate of ten percent (10%) per annum, coupled with reasonable attorney's fees. See TEX. INS. CODE § 542.060.

63. Regarding Defendant's breach of the common law duty of good faith and fair dealing, Plaintiff seeks compensatory damages, including but not limited to, financial losses arising from Defendant's refusal to pay, consequential costs, economic distress, exemplary damages, and compensation for mental and emotion distress caused by Defendant's misconduct.

64. To prosecute this action and secure recovery, Plaintiff has retained legal counsel, whose name appears below. Accordingly, Plaintiff is entitled to recover reasonable and necessary attorneys' fees incurred through the preparation, trial, and any appellate proceedings associated with this case.

65. For violations of the Texas Deceptive Trade Practices Act (DTPA), Plaintiff is entitled to recover economic damages, attorney's fees, pre- and post-judgment interest, mental anguish, and, for knowing and/or intentional violations, up to treble damages as authorized by law

## XIV.
## RULE 193.7 NOTICE

66. Pursuant to TEX. R. CIV. P. § 193.7, Plaintiff hereby gives actual notice that any and/or all documents produced may be used against any or all parties producing the document at



Copy from re:SearchTX

any pre-trial proceeding and/or trial of this matter without the necessity of authenticating the document.

## XV.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant be cited to appear and file an answer, and further finds that Plaintiff recover from Defendant for actual damages as proven at trial, exemplary/punitive damages to the fullest extent allowed under Texas law, pre- and post-judgment interest at the highest rate allowed by law, costs of suit, attorneys' fees for both the trial and appellate courts, and such other and further relief to which Plaintiff may be justly entitled to by law or in equity.

**Respectfully Submitted,**

STORM LAW PARTNERS, PLLC

*/s/ Monique Hudson*
**Monique Hudson**
**Texas Bar No. 24123077**
STORM LAW PARTNERS, PLLC
**1000 Main Street, Suite 2300**
**Houston, TX 77002**
**T: (832) 323-3000**
**E: mhudson@stormlawpartners.com**
**service@stormlawpartners.com**

**ATTORNEY FOR PLAINTIFF**



Copy from re:SearchTX

Filed for Record
9/1/2026 10:00 AM
Cassandra C. Tigner, District Clerk
Brazoria County, Texas
141583-CV
Carly Whistler, Deputy

# BRAZORIA COUNTY DISTRICT CLERK
## CASSANDRA TIGNER

**Process Request – Please Type/Print All Information**
***One request for each party being served.**

**Cause No.** 141583-CV
**Document(s) to be Served:** PLAINTIFFS' ORIGINAL PETITION
Name of Party to be Served: STATE FARM LLOYDS
Registered Agent (if applicable): CORPORATION SERVICE COMPANY
Service Address: 211 East 7th Street Suite 620
City, State, Zip: Austin Texas 78701

**Service by: (check one)**

☐BCSO Bo Stallman
☐Constable Mike Fulton Pct. 1
☐Constable Willie Howell Pct. 2
☐Constable Buck Stevens Pct. 3
☐Constable James Brawner Pct. 4

Certified Mail: ☐Restricted or ☐Non-Restricted
☐Return to Attorney by Mail: ____________
☒Email: rlink@stormlawpartners.com and derek@stormlawpartners.com
☐Pick up by (Name): ____________

☐Publication (Name & Address of Newspaper) ____________
☐Publication to OCA Portal/Website #of days ________
☐Posting at Courthouse Door

**Family –**
Relief Requested (Required): ____________
Date of Birth/Place of Birth for Each Child (Required): ____________

**Civil –** As per TRCP 115, attach legal description of property if applicable and state relief requested.
Relief Requested (Required): ____________
Property Description: ____________

**When Service is by SHERIFF/CONSTABLE, please provide as much information as possible by completing the blanks below to expedite service.**

Description:
☐Male ☐Female Date of Birth________ Race________ Eyes________ Hair________
Tattoos, Scars, Facial Hair, Glasses, etc.____________
Other address person may be found: ____________
Gate Access Code________ Building Number________
Descr. of house (i.e., trailer park, subdivision):____________
Cell/Home Phone:____________ Work Phone:____________
Any vehicles? Yr______Make________Model________Color________LP#________
Best time to Serve: ☐Days ☐Evenings ☐Nights
Name and address of Employer:____________
List any other information the deputies should know. For example, is party being served known to be violent, owns weapons, mental or physical illness, dogs in yard, locked gates, etc.?

**Service requested by:**

Name and Email: Monique Hudson mhudson@stormlawpartners.com
Cell/Home Phone: (832) 323-3000 Work: Storm Law Partners



Copy from re:SearchTX

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Reagan Link on behalf of Monique Hudson
Bar No. 24123077
rlink@stormlawpartners.com
Envelope ID: 119361584
Filing Code Description: Request
Filing Description: Process Request - State Farm Lloyds
Status as of 9/2/2026 7:44 AM CST

Associated Case Party: Willow Drive Baptist Church of Lake Jackson Inc

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Victoria Tripi | | vtripi@stormlawpartners.com | 9/1/2026 10:00:54 AM | SENT |
| Storm Law Partners | | Service@stormlawpartners.com | 9/1/2026 10:00:54 AM | SENT |
| Reagan Link | | rlink@stormlawpartners.com | 9/1/2026 10:00:54 AM | SENT |
| Monique Hudson | | mhudson@stormlawpartners.com | 9/1/2026 10:00:54 AM | SENT |

Copy from re:SearchTX

Filed for Record
9/25/2026 11:03 AM
Cassandra C. Tigner, District Clerk
Brazoria County, Texas
141583-CV
Carly Whistler, Deputy

Cause No.: 141583-CV

Willow Drive Baptist Church of Lake Jackson Inc., Plaintiff(s)

v.

State Farm Lloyds, Defendant(s)

In the ☑ District ☐ County ☐ County Court at Law ☐ Other: 239th Court of Brazoria County, Texas.

## DECLARATION OF JOSEPH CROPPER

"My name is Joseph E. Cropper, III. I am over the age of eighteen (18) and of sound mind. I have personal knowledge of the facts herein. My address is 270 Lakewood Dr., Vidor, TX 77662, USA. Came to hand on the 7th day of September, 2026, at 7:21 o'clock ☐ a.m. ☑ p.m. a true copy of this Citation together with a copy(ies) of the pleading entitled Plaintiff's Original Petition affixed thereto.

☑ I executed the same after having first endorsed it/them on the 19th day of September, 2026, at ______ o'clock ☐ a.m. ☐ p.m., by the following manner:

☐ By Delivering to ______________________, the Defendant named herein, in person, a true and correct copy of said process.

☐ By delivering a true and correct copy to ______________________, who is authorized to accept service for ______________________, in the capacity of ______________________.

☑ By certified mail with return receipt requested, addressed to: 211 E. 7th St., Ste 620 Austin, Tx 78701-3218, Defendant / Agent for service of process. The return receipt for which is attached to this Affidavit.

CMRRR# 9589 0710 5270 2704 8180 63

RRR(Green Card)# 9590 9402 0092 6058 2226 77

☐ By substituted service pursuant to order of the Court under Rule 106, Texas Rules of Civil Procedure (a copy of the order and proof of compliance attached).

POOR ORIGINAL

Copy from re:SearchTX

☐ Other manner of service (specify):

________________________________________

________________________________________

Service was executed at the following address: ________________________________________, ____________________(City), ______ (State) ________(ZIP) (County) __________.

☐ (If Not Executed). I have not been able to execute said process, and the diligence used and the cause of failure are as follows:

________________________________________

________________________________________

________________________________________.

I am a person authorized by the Texas Rules of Civil Procedure to serve process in this case. My Judicial Branch Certification Number is PSC-23092 with an expiration date of January 31, 2028. I certify and declare under penalty of perjury that the foregoing is true and correct. which witness my hand on this, the 23rd day of September, 20 26 in Jefferson County, State of Texas,.

Signed, ____________________."
Joseph E. Cropper, III (Declarant)

Copy from re:SearchTX

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Corporation Service Company
211 E. 7th st., ste 620
Austin, Texas 78701-3218

9590 9402 0092 6058 2226 77

2. Article Number *(Transfer from service label)*

9589 0710 5270 2704 8180 63

***COMPLETE THIS SECTION ON DELIVERY***

A. Signature

X

☐ Agent
☐ Addressee

B. Received by *(Printed Name)* C. Mendoze

C. Date of Delivery 9-14

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type

- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☑ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery (over $500)
- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053 Domestic Return Receipt

Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Reagan Link on behalf of Brooke Wilhelm
Bar No. 24132378
rlink@stormlawpartners.com
Envelope ID: 120390758
Filing Code Description: Service Returned
Filing Description: #352485 - Served 09/19/2026
Status as of 9/28/2026 9:51 AM CST

Associated Case Party: Willow Drive Baptist Church of Lake Jackson Inc

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Storm Law Partners | | Service@stormlawpartners.com | 9/25/2026 11:03:12 AM | SENT |
| Derek Fadner | 24100081 | derek@stormlawpartners.com | 9/25/2026 11:03:12 AM | SENT |
| Reagan Link | | rlink@stormlawpartners.com | 9/25/2026 11:03:12 AM | SENT |
| Victoria Tripi | | vtripi@stormlawpartners.com | 9/25/2026 11:03:12 AM | SENT |
| Monique Hudson | | mhudson@stormlawpartners.com | 9/25/2026 11:03:12 AM | SENT |

Copy from re:SearchTX

Filed for Record
9/25/2026 11:19 AM
Cassandra C. Tigner, District Clerk
Brazoria County, Texas
141583-CV
Carly Whistler, Deputy

Cause No.: 141583-CV

Willow Drive Baptist Church of Lake Jackson Inc., Plaintiff(s)

v.

State Farm Lloyds, Defendant(s)

In the ☑ District ☐ County ☐ County Court at Law ☐ Other: 239th Court of Brazoria County, Texas.

## DECLARATION OF JOSEPH CROPPER

"My name is Joseph E. Cropper, III. I am over the age of eighteen (18) and of sound mind. I have personal knowledge of the facts herein. My address is 270 Lakewood Dr., Vidor, TX 77662, USA. Came to hand on the 7th day of September, 2026, at 7:21 o'clock ☐ a.m. ☑ p.m. a true copy of this Citation together with a copy(ies) of the pleading entitled Plaintiff's Original Petition affixed thereto.

☑ I executed the same after having first endorsed it/them on the 19th day of September, 20 26, at ______ o'clock ☐ a.m. ☐ p.m., by the following manner:

☐ By Delivering to ______________________, the Defendant named herein, in person, a true and correct copy of said process.

☐ By delivering a true and correct copy to ______________________, who is authorized to accept service for ______________________, in the capacity of ______________________.

☑ By certified mail with return receipt requested, addressed to: 211 E. 7th St., Ste 620 Austin, Tx 78701-3218, Defendant / Agent for service of process. The return receipt for which is attached to this Affidavit.
CMRRR# 9589 0710 5270 2704 8180 63
RRR(Green Card)# 9590 9402 0092 6058 2226 77

☐ By substituted service pursuant to order of the Court under Rule 106, Texas Rules of Civil Procedure (a copy of the order and proof of compliance attached).

POOR ORIGINAL

Copy from re:SearchTX

☐ Other manner of service (specify):

__________________________________________________________

__________________________________________________________

Service was executed at the following address: __________________________________________, ____________________(City), ______ (State) __________(ZIP) (County) __________.

☐ (If Not Executed). I have not been able to execute said process, and the diligence used and the cause of failure are as follows:

__________________________________________________________

__________________________________________________________

__________________________________________________________.

I am a person authorized by the Texas Rules of Civil Procedure to serve process in this case. My Judicial Branch Certification Number is PSC-23092 with an expiration date of January 31, 2028. I certify and declare under penalty of perjury that the foregoing is true and correct. which witness my hand on this, the 23rd day of September, 20 26 in Jefferson County, State of Texas,.

Signed, ________________________."

Joseph E. Cropper, III (Declarant)

Copy from re:SearchTX

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Corporation Service Company
211 E. 7th st., ste 620
Austin, Texas 78701-3218

9590 9402 0092 6058 2226 77

2. Article Number *(Transfer from service label)*

9589 0710 5270 2704 8180 63

***COMPLETE THIS SECTION ON DELIVERY***

A. Signature
X
☐ Agent
☐ Addressee

B. Received by *(Printed Name)* C Mendoza

C. Date of Delivery 9-14

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☑ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery (over $500)
- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053 Domestic Return Receipt

Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 120392346
Filing Code Description: Service Returned
Filing Description: #352485 - Served 09/19/2026
Status as of 9/28/2026 10:07 AM CST

Associated Case Party: Willow Drive Baptist Church of Lake Jackson Inc

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Storm Law Partners | | Service@stormlawpartners.com | 9/25/2026 11:19:57 AM | SENT |
| Derek Fadner | 24100081 | derek@stormlawpartners.com | 9/25/2026 11:19:57 AM | SENT |
| Reagan Link | | rlink@stormlawpartners.com | 9/25/2026 11:19:57 AM | SENT |
| Victoria Tripi | | vtripi@stormlawpartners.com | 9/25/2026 11:19:57 AM | SENT |
| Monique Hudson | | mhudson@stormlawpartners.com | 9/25/2026 11:19:57 AM | SENT |

Copy from re:SearchTX

Filed for Record
10/12/2026 9:33 AM
Cassandra C. Tigner, District Clerk
Brazoria County, Texas
141583-CV
Michelle Kowalik, Deputy

**CAUSE NO. 141583-CV**

| | | |
|---|---|---|
| **WILLOW DRIVE BAPTIST CHURCH OF LACK JACKSON INC,** *Plaintiff,* | § | **IN THE DISTRICT COURT** |
| **v.** | § | **BRAZORIA COUNTY, TEXAS** |
| **STATE FARM LLOYDS** *Defendant.* | § | **239TH JUDICIAL DISTRICT** |

**DEFENDANT STATE FARM LLOYDS' GENERAL DENIAL**

Defendant State Farm Lloyds ("Defendant") files this General Denial in response to Plaintiff's Original Petition.

**GENERAL DENIAL**

1. Pursuant to TEX. R. CIV. PROC. 92, Defendant generally denies every allegation contained in Plaintiff's Original Petition and all subsequent supplements and amendments, and demands strict proof by a preponderance of the evidence.

**JURY DEMAND**

2. Defendant respectfully demands a trial by jury.

**PRAYER**

Defendant State Farm Lloyds prays that Plaintiff take nothing by its claims and that the Court grant such other further relief, at law or in equity, to which Defendant may be justly entitled.

Respectfully submitted,

**NISTICO, CROUCH & KESSLER, P.C.**

By: */s/ M. Micah Kessler*__________
Micah Kessler
State Bar No. 00796878

Jazmine J. Ford
State Bar No. 24109881
1900 West Loop South, Suite 800
Houston, Texas 77027
Telephone: (713) 781-2889
Telecopier: (713) 781-7222
Email: mkessler@nck-law.com
Email: jford@nck-law.com
**COUNSEL FOR DEFENDANT,**
**STATE FARM LLOYDS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served on all parties through counsel of record in compliance with Rules 21 and 21a of the Texas Rules of Civil Procedure on October 12, 2026, in the manner prescribed below:

Monique Hudson
**STORM LAW PARTNERS, PLLC**
1000 Main Street, Suite 2300
Houston, Texas 77002
**VIA E-FILE**

*/s/ Jazmine J. Ford*
Jazmine J. Ford

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Tyffeni Nguyen on behalf of M Kessler
Bar No. 00796878
tnguyen@nck-law.com
Envelope ID: 121046849
Filing Code Description: Answer
Filing Description: Defendant State Farm Lloyd's General Denial
Status as of 10/12/2026 11:16 AM CST

Associated Case Party: Willow Drive Baptist Church of Lake Jackson Inc

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Storm Law Partners | | Service@stormlawpartners.com | 10/12/2026 9:33:47 AM | SENT |
| Derek Fadner | 24100081 | derek@stormlawpartners.com | 10/12/2026 9:33:47 AM | SENT |
| Reagan Link | | rlink@stormlawpartners.com | 10/12/2026 9:33:47 AM | SENT |
| Victoria Tripi | | vtripi@stormlawpartners.com | 10/12/2026 9:33:47 AM | SENT |
| Monique Hudson | | mhudson@stormlawpartners.com | 10/12/2026 9:33:47 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Victoria McKenzie | | vmckenzie@nck-law.com | 10/12/2026 9:33:47 AM | SENT |
| Krista Hollandsworth | | khollandsworth@nck-law.com | 10/12/2026 9:33:47 AM | SENT |
| Jazmine J.Ford | | jford@nck-law.com | 10/12/2026 9:33:47 AM | SENT |
| Tyffeni Nguyen | | tnguyen@nck-law.com | 10/12/2026 9:33:47 AM | SENT |

Associated Case Party: State Farm Lloyds

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Micah Kessler | 796878 | mkessler@nck-law.com | 10/12/2026 9:33:47 AM | SENT |

# Details - Case # 141583-CV - Envelope # 121046849 - Willow Drive Baptist Church of Lake Jackson Incvs.State Farm Lloyds

## Envelope

Envelope ID
121046849

Submitted date
10/12/2026 9:33 AM

Submitted by
Tyffeni Nguyen

Username
tnguyen@nck-law.com

## Case Information

Court Location
Brazoria County - 239th District Court

Case Type
Debt/Contract - Consumer/DTPA

Case Category
Civil – Contract

Judge
239th District Court - Judge Hill

Case Initiation Date
07/08/2026

## Parties

| Party Type | Party Name | Lead Attorney |
|---|---|---|
| Plaintiff | Willow Drive Baptist Church of Lake Jackson Inc | Monique Hudson |
| Defendant | State Farm Lloyds | M. Micah Kessler |

## Filings

Filing Code
Answer

Filing Type

eFile and Serve

Filing Description

Defendant State Farm Lloyd's General Denial

Client Ref #

Willow

Submitted Date

10/12/2026 9:33 AM

Status

Accepted

Review Date

10/12/2026 11:16 AM

Reviewer Comments

Courtesy Copy Email

Type

Lead Document

Document name

Willow Baptist Church - SF General Denial.pdf

Description

Security

Does not contain sensitive data

Original document

File stamped

## Service Details

| Recipient Name | Associated Party | Service Methods |
|---|---|---|
| Tyffeni Nguyen | Other Service Contacts | EServe |

| Method | Filing Code |
|---|---|
| EServe | Answer |

View Logs

Contact Information
tnguyen@nck-law.com

Status
Served: 10/12/2026 9:34 AM

Administrative Copy
None

| | | |
|---|---|---|
| Micah Kessler | State Farm Lloyds | EServe |

Method
EServe

Filing Code
Answer

View Logs

Contact Information
mkessler@nck-law.com

Status
Served: 10/12/2026 9:34 AM

Administrative Copy
cdiaz@nck-law.com

| | | |
|---|---|---|
| Jazmine J. Ford | Other Service Contacts | EServe |

Method
EServe

Filing Code
Answer

View Logs

Contact Information
jford@nck-law.com

Status
Served: 10/12/2026 9:34 AM

Administrative Copy
None

| | | |
|---|---|---|
| Krista Hollandsworth | Other Service Contacts | EServe |

Method
EServe

Filing Code
Answer

View Logs

Contact Information
khollandsworth@nck-law.com

Status
Served: 10/12/2026 9:34 AM

Administrative Copy
None

| | | |
|---|---|---|
| Victoria McKenzie | Other Service Contacts | EServe |

Method
EServe

View Logs

Contact Information
vmckenzie@nck-law.com

Administrative Copy
None

Filing Code
Answer

Status
Served: 10/12/2026 9:34 AM

| | | |
|---|---|---|
| Monique Hudson | Willow Drive Baptist Church of Lake Jackson Inc | EServe |

Method
EServe

View Logs

Contact Information
mhudson@stormlawpartners.com

Administrative Copy
None

Filing Code
Answer

Status
Served: 10/12/2026 9:34 AM

| | | |
|---|---|---|
| Victoria Tripi | Willow Drive Baptist Church of Lake Jackson Inc | EServe |

Method
EServe

Filing Code
Answer

View Logs

Contact Information
vtripi@stormlawpartners.com

Status
Served: 10/12/2026 9:34 AM

Administrative Copy
None

| | | | |
|---|---|---|---|
| Reagan Link | Willow Drive Baptist Church of Lake Jackson Inc | EServe | ^ |

Method
EServe

Filing Code
Answer

View Logs

Contact Information
rlink@stormlawpartners.com

Status
Served: 10/12/2026 9:34 AM

Administrative Copy
None

| | | | |
|---|---|---|---|
| Derek Fadner | Willow Drive Baptist Church of Lake Jackson Inc | EServe | ^ |

Method
EServe

Filing Code
Answer

View Logs

Contact Information
derek@stormlawpartners.com

Status
Served: 10/12/2026 9:34 AM

Administrative Copy
None

| | | | |
|---|---|---|---|
| Storm Law Partners | Willow Drive Baptist Church of Lake Jackson Inc | EServe | ^ |

Method
EServe

View Logs

Filing Code
Answer

Contact Information
Service@stormlawpartners.com

Status
Served: 10/12/2026 9:34 AM, Opened: 10/12/2026 10:09 AM

Administrative Copy
None

## Fees

Payment account
Micah Visa

Party responsible for envelope fees
State Farm Lloyds

Filing attorney
M Micah Kessler

Filer Type
Not Applicable

Order ID
121046849-0

Transaction Response
Approved

Transaction Amount
$11.00

Transaction ID
182340058

| | |
|---|---|
| Filing Fees<br>Answer | *Waived* |
| Filing Fees<br>Jury Fee | $10.00 |
| Service Fees<br>Convenience Fee | $1.00 |
| **Grand Total** | $11.00 |

**CAUSE NO. 141583-CV**

| | | |
|---|---|---|
| **WILLOW DRIVE BAPTIST CHURCH OF LACK JACKSON INC,** ***Plaintiff,*** | § § § | **IN THE DISTRICT COURT** |
| **v.** | § § § | **BRAZORIA COUNTY, TEXAS** |
| **STATE FARM LLOYDS** ***Defendant.*** | § § | **239TH JUDICIAL DISTRICT** |

---

**DEFENDANT STATE FARM LLOYDS' FIRST AMENDED ANSWER**

---

Defendant State Farm Lloyds ("Defendant") files this First Amended Answer in response to Plaintiff's Original Petition.

## I. GENERAL DENIAL

Pursuant to TEX. R. CIV. PROC. 92, Defendant generally denies every allegation contained in Plaintiff's Original Petition and all subsequent supplements and amendments and demands strict proof by a preponderance of the evidence.

## II. DEFENSES

1. **Policy Coverage Provisions.** Under the Insuring Agreement, Plaintiff bears the burden to prove the actual cash value of damage resulting from an occurrence of accidental direct physical loss to the insured property on the reported date of loss. Plaintiff lacks proof of damages resulting from any accidental direct physical loss on the reported date of loss beyond those damages found by State Farm under the policy.

2. **Deductible/Offset/Credit.** Defendant is entitled to an offset or credit against Plaintiff's damages, if any, in the amount of Plaintiff's $20,000.00 deductible. Defendant is also entitled to an additional offset or credit in the amount of $271,406.08, reflecting

payments issued under the Policy and any payments made under the Policy for Plaintiff's claim in the future.

3. **Limit of Liability.** Defendant's liability, if any, is limited to the amount of the policy limits under the subject policy, pursuant to the "Limit of Liability" and other clauses contained in the policy sued upon.

4. **Estoppel.** Plaintiff's breach of contract claim is barred by State Farm's payment of the appraisal award. Plaintiff is estopped from contesting whether State Farm complied with the insurance contract and is estopped from contesting actual damages under the insurance contract based on State Farm's payment of the appraisal award.

5. **Payment of Award Bars Extra-Contractual Claims Flowing from Policy Benefits.** Because the amount of loss has been determined by appraisal and paid by State Farm, Plaintiff has not sustained any damages that could allow them to maintain any extra-contractual cause of action. Specifically, Plaintiff is not entitled to any additional policy benefits, and she has not alleged any facts that would give rise to damages that do not flow from policy benefits or that otherwise constitute an independent injury.

6. **Wear, Tear, Deterioration.** Plaintiff's claims are barred, in whole or in part, because the damages and losses alleged in Plaintiff's Petition, none being admitted, were proximately caused in whole or in part by normal wear and tear. The policy at issue provides that wear and tear does not fall under the coverage of the policy:

**I. Other Types Of Loss**

**(1)** Wear and tear;

**(2)** Rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself;

**(3)** Smog;

**(4)** Settling, cracking, shrinking, expansion or contraction;

**(5)** Nesting or infestation, or discharge or release of waste products or secretions, by insects, birds, rodents or other animals;

**(6)** Mechanical breakdown, including rupture or bursting caused by centrifugal force;

or

**(7)** The following causes of loss to personal property:

**(a)** Dampness or dryness of atmosphere;

**(b)** Changes in or extremes of temperature; or

**(c)** Marring or scratching.

But if an excluded cause of loss that is listed in Paragraphs **(1)** through **(7)** above results in an accidental direct physical loss by any of the "specified causes of loss" or by building glass breakage, we will pay for the loss caused by that "specified cause of loss" or by building glass breakage.

**c. SECTION I – CONDITIONS** is amended as follows:

**(1)** The following is added to Paragraph **1.b.** Appraisal:

If there is an appraisal, you will still retain your right to bring a legal action against us, subject to the provisions of Paragraph **1.d.** Legal Action Against Us under **SECTION I – CONDITIONS**.

All other policy provisions apply.

**3.** We do not insure under any coverage for any loss consisting of one or more of the items below. Further, we do not insure for loss described in Paragraphs **1.** and **2.** Immediately above regardless of whether one or more of the following: (a) directly or indirectly cause, contribute to or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:

**a. Weather Conditions**

Weather conditions. But this exclusion only applies if weather conditions contribute in any way with a cause or event excluded in Paragraph **1.** and **2.** above to produce the loss.

**b. Acts Or Decisions**

Conduct, acts or decisions, including the failure to act or decide, of any person, group, organization or governmental body whether intentional, wrongful, negligent or without fault.

**c. Work**

Faulty, inadequate or defective:

**(1)** Planning, zoning, development, surveying, siting;

**(2)** Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

**(3)** Materials used in repair, construction, renovation or remodeling; or

**(4)** Maintenance;

of part or all of any property (including land, structures or improvement of any kind) on or off the described premises.

But if accidental direct physical loss results from items **3.a.**, **3.b.**, or **3.c.**, we will pay for that resulting loss unless the resulting loss is itself one of the losses not insured in **SECTION I** of this coverage form.

7. **Loss Settlement Provision/Condition: Replacement Cost Benefits**. Under the Insuring Agreement, Plaintiff must first repair or replace the damaged property to recover replacement cost benefits and the Policy limits such coverage to costs "necessarily" spent to repair the damaged property. The Policy specifically provides:

**e. Loss Payment**

In the event of loss covered by this policy:

**(1)** At our option, we will either:

**(a)** Pay the value of lost or damaged property;

**(b)** Pay the cost of repairing or replacing the lost or damaged property;

**(c)** Take all or any part of the property at an agreed or appraised value; or

**(d)** Repair, rebuild or replace the property with other property of like kind and quality.

We will determine **e.(1)(a)** in accordance with the applicable terms of Paragraph **e.(4)** below or any applicable provision which amends or supersedes the terms of Paragraph **e.(4)** below.

**(2)** We will give notice of our intentions within 30 days after we receive the sworn proof of loss.

**(3)** We will not pay you more than your lawful financial interest in the Covered Property.

**(4)** Except as provided in Paragraphs **(b)** through **(e)** below, we will determine the value of Covered Property as follows:

**(a)** At replacement cost without deduction for depreciation, as of the time of loss, subject to the following:

**i.** We will pay the cost to repair or replace, after application of the deductible and without deduction for depreciation, but not more than the least of the following amounts:

**1)** The Limit Of Insurance under **SECTION I — PROPERTY** that applies to the lost or damaged property;

**2)** The cost to replace, on the described premises, the lost or damaged property with other property of comparable material, quality and used for the same purpose; or

**3)** The amount that you actually spend that is necessary to repair or replace the lost or damaged property.

If a building is rebuilt at a new premises, the cost is limited to the cost which would have been incurred had the building been built at the described premises.

**ii.** You may make a claim for loss covered by this insurance on an actual cash value basis instead of on a replacement cost basis. In the event you elect to have loss settled on an actual cash value basis, you may still make a claim on a replacement cost basis if you notify us of your intent to do so within 180 days after the loss.

**iii.** We will not pay on a replacement cost basis for any loss:

**1)** Until the lost or damaged property is actually repaired or replaced; And

**2)** Unless the repairs or replacement are made as soon as reasonably possible after the loss.

**iv.** The cost to repair, rebuild or replace does not include the increased cost attributable to enforcement of any ordinance or law regulating the construction, use or repair of any property.

8. **Appraisal.** Under the Insuring Agreement, State Farm reserved and continues to reserve all contractual rights to determine whether coverage applies to each item in dispute, including those disputed items for which an amount of loss may be assigned in the appraisal process, regardless of coverage. Specifically, the Policy provides:

**SECTION I – CONDITIONS**

* * * * *

> 4. **Appraisal.** If you and we disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. Each party will notify the other of the selected appraiser's identity within 20 days after receipt of the written demand for an appraisal. The two appraisers will select an umpire. If the appraisers cannot agree upon an umpire within 15 days, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
>
> **a.** Pay its chosen appraiser; and
>
> **b.** Bear the other expenses of the appraisal and umpire equally.
>
> If we submit to an appraisal, we will still retain our right to deny the claim.

The express language of the Policy explains that any appraisal award is subject to the Policy exclusions, and the question of whether coverage exists cannot be determined by the appraisal panel or through the appraisal process.

9. **Failure to Comply with Policy Conditions.** Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to comply with the following Policy conditions:

**SECTION I – CONDITIONS**

c. **Duties In The Event Of Loss.**

(1) You must see that the following are done in the event of loss to Covered Property.

* * * * *

b. Give us prompt notice of the loss. Include a description of the property involved.

c. As soon as possible, give us a description of how, when and where the loss occurred.

Plaintiff failed to provide prompt notice to State Farm in presenting its claim for damage to the windows and surrounding areas. Specifically, Plaintiff did not present the claim for the windows and purportedly associated damage until after the appraisal process concluded.

10. **Bona Fide/Legitimate Dispute.** A bona fide/legitimate dispute exists precluding Plaintiff's recovery of damages under extra-contractual theories, including for violations of the Texas Insurance Code or any other statutory or common law authority.

11. **Cap on Punitive Damages.** TEX. CIV. PRAC. AND REM. CODE §41.001, *et seq.,* applies, and punitive damages awarded, if any, are subject to the statutory limit set forth therein, other applicable statutory authority, and the common law. Further, unless Plaintiff proves Defendant's liability for punitive damages, and the amount of punitive damages, if any, by clear and convincing evidence, any award of punitive damages would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article 1 of the Texas Constitution.

## III. JURY DEMAND

Defendant respectfully demands a trial by jury and tenders the jury fee.

## IV. PRAYER

Defendant prays that Plaintiff take nothing by this suit, and that the Court grant such other and further relief, at law or in equity, to which Defendant may show justly entitled.

Respectfully submitted,

**NISTICO, CROUCH & KESSLER, P.C.**

By: _/s/ M. Micah Kessler__________
Micah Kessler
State Bar No. 00796878
Jazmine J. Ford
State Bar No. 24109881
mkessler@nck-law.com
jford@nck-law.com
1900 West Loop South, Suite 800
Houston, Texas 77027
Telephone: (713) 781-2889
Telecopier: (713) 781-7222
**COUNSEL FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served on all parties through counsel of record in compliance with Rules 21 and 21a of the Texas Rules of Civil Procedure on October 14, 2026, in the manner prescribed below:

Monique Hudson
**STORM LAW PARTNERS, PLLC**
1000 Main Street, Suite 2300
Houston, Texas 77002
**VIA E-FILE**

_/s/ Jazmine J. Ford_
Jazmine J. Ford